HAWKINS, Justice,
for the Court:
Kathy Fullilove appeals from the judgment of the Circuit Court of Coahoma County dismissing her declaration against State Farm Mutual Automobile Insurance Company (State Farm) because her husband Rodger G. Fullilove’s automobile policy had lapsed for nonpayment of premium. Because neither the insurance policy nor any notices thereunder were attached to the pleadings or made exhibits to testimony, and we cannot determine the precise obligations of the parties, we reverse.
FACTS
Rodger G. Fullilove, manager of a McDonald hamburger establishment in Clarks-dale, had an automobile liability insurance contract with State Farm, covering himself and his wife Kathy. The Fulliloves lived in Shelby. Since neither the policy nor a copy thereof appear in this record, we do not know its terms.
On Tuesday, November 24, 1981, Fulli-love received in the mail a notice that his policy had lapsed for nonpayment of premium. That following Friday, November 27, it occurred to him he should pay his premium. Accordingly, during the noon hour on Friday, he went to the office of the local agent for State Farm in Clarksdale to deliver a check. The office was closed for the lunch break. Fullilove returned at 5:30 p.m. to find the office closed for the day. He slid an envelope containing a check for $203.24, dated November 24, 1981, under the door.
At 6:30 p.m. he learned his wife had been in an accident.
The next morning, Saturday, November 28, an employee of the agency found the check on the floor and put it on Arthur E. *523 Dalton, the agent’s, desk. Also, on either Saturday or Sunday Fullilove called Dalton and reported the accident.
On Monday morning, November 30, Dalton telephoned an area representative of State Farm, Mrs. Bigalow, in Greenville, for instructions. She told him to fill out a payment transmittal showing when the envelope was opened, and to put coverage back in force from November 30, 1981.
Kathy was injured in the automobile accident which occurred around 6:00 p.m. on Friday, November 26, 1981, in Shelby, when the car she was driving collided with a car being driven by Johnnie Mills, an uninsured motorist.
State Farm denied coverage, and Kathy sued Mills and State Farm, the latter under the uninsured motorist provision of the policy. The policy was not attached to the declaration as required by Miss. Code Ann. § 11-7-47 (1972).[1]
State Farm answered and asserted as an affirmative defense that the policy had lapsed for nonpayment of premium.
Depositions were taken of the Fulliloves and Dalton. From the deposition of Dalton, it developed that it was State Farm’s policy to cover an insured for 21 days following the due date of the premium as a “courtesy.” Fullilove’s premium was due October 6, and the policy expired that date. If, during that 21-day post-expiration date period, the insured paid the premium, the policy would be reinstated without any lapse in coverage. On the other hand, if the insured paid a premium following the 21-day “courtesy” period, he would only be covered from the time the premium payment was received and accepted thenceforward.
Dalton also testified he had treated this case differently on the instructions of Biga-low. He also enigmatically deposed he never recalled the company denying coverage for nonpayment of premiums.
Following the depositions State Farm made a motion for the circuit judge to hear and determine separately its affirmative defense, as authorized under Miss. Code Ann. § 11-7-59(1) (1972), alleging that the depositions indisputably revealed the policy had lapsed for nonpayment of premium.
The circuit judge sustained the motion and dismissed State Farm. Kathy proceeded to judgment against Mills. She has appealed the judgment dismissing her declaration as to State Farm.
LAW
Miss.Code Ann. § 11-7-59(1) reads:
(1) Pleas in circuit court are hereby abolished and every defense heretofore presentable by plea shall be made in an answer; and the answer may state as many defenses, whether consistent or not and whether heretofore made by plea in abatement or plea in bar, as in law or in fact, the defendant may have to the declaration or any material part or parts thereof. But if matter which heretofore could constitute a plea be set up in the answer in such a manner as to be clearly distinct and readily separable and go to the entire present cause of action, it may, on motion of either or any of the parties, be separately heard and disposed of before the principal trial of the cause, in the discretion of the court; and the said motion shall by itself, without further formalities or any specifications of grounds, operate (1) to set the said matter of plea for argument upon its sufficiency in law, and if held sufficient in law (2) to put in issue upon its facts, and no replication shall be necessary. And if the defendant fail to sustain the matter of the plea so heard, upon which matter, after motion made, he shall have the burden both as to the law and the facts, he shall nevertheless then have the right to go on to trial upon his answer as a whole.
*524 Kathy made no objections to the circuit judge separately hearing and deciding a factual issue under this pre-rules case, and we are not called upon to examine the propriety of this procedure. Both parties agree that the circuit judge’s ruling was in the nature of a directed verdict, and all testimony and inferences favorable to Kathy that there was insurance coverage must be adopted.
Kathy argues on appeal that a jury issue was made out on whether under company policy and practices the policy was reinstated as of the time Rodger slipped the envelope containing the check under the door.
If the check had been slipped under the door prior to expiration of the policy, we would have a simple case of what constitutes delivery. It appears to have been slipped under the door, however, when there was no contract in force, and therefore we have the question not simply of delivery, but of acceptance in order to create another contract. Houston Dairy, Inc. v. John Hancock Mutual Life Insurance Co., 643 F.2d 1185 (5th Cir.1981).
Dalton’s testimony is ambiguous, and we cannot determine what State Farm’s practice and procedure was, or was supposed to be from his testimony.
In any event, Kathy faces a formidable hurdle to establish she had a policy in force from the time Rodger slipped the envelope under the door of the local agency, closed for the day.
We neither decide or address these questions in this particular case, because the policy was never placed in the record.
Kathy should have made it a part of her declaration under Miss.Code Ann. § 11-7-47 (1972). Keen and alert defense counsel saw no reason to object, however, and proceeded to answer the declaration. Yet, neither the circuit judge nor we can decide the obligations under the contract without examining the document. The policy and all relevant notices should also be offered into evidence to learn first what were the written obligations of the parties. It must first be precisely determined whether there was a breach of the written terms of the policy and notices.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.

. This is a pre-rules case, the declaration was filed December 31, 1981. Rule 10(d) M.R.C.P. would also apply.